Enrique TIJERINA, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 81–1111
Summary Calendar.

United States Court. of Appeals, Fifth Circuit.

Nov. 22, 1982.

Opinion, 5th Cir., 682 F.2d 504, withdrawn.

---

**2.** Our holding does not disregard *Truvillion.*    That is a refusal to hire case.

Enrique Tijerina, pro se.

Charles A. Palmer, Chief, Douglas M. Becker, Asst. Attys. Gen., Enforcement Div., Austin, Tex., for respondent-appellee.

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

JOHNSON, Circuit Judge:

Sua sponte, the Court withdraws its prior opinion dated August 13, 1982, 682 F.2d 504 (5th Cir.) (per curiam) and renders the following opinion.

Enrique Tijerina filed this habeas corpus proceeding seeking release from his confinement in the Texas Department of Corrections, which resulted from his conviction for the unlawful delivery of heroin. The case was referred to a magistrate and the magistrate recommended that relief be denied. Thereafter, the district court reviewed all of the state and federal records together with the magistrate's report and entered an order denying relief. Defendant-Tijerina raises several grounds of error on appeal. This Court affirms the federal district court's denial of Tijerina's request for habeas corpus relief.

At Tijerina's trial on the unlawful delivery of heroin charge, A. D. Gonzales, a Texas Department of Public Safety undercover narcotics agent, testified that he purchased a gram of heroin from Tijerina for $65.00 on June 26, 1974. Gonzales further testified that the transaction took place in Tijerina's house in Odessa, Texas at approx-

imately 10:10 p.m. Although Tijerina did not testify at trial, he did present a number of witnesses in an attempt to establish an alibi defense. Tijerina relied upon two gasoline station receipts to support his allegation that he was in Mission, Texas on June 26, 1974 and in Giddings, Texas on June 17, 1974. However, an issue arose at trial as to whether the gasoline receipts had been altered. Moreover, one of the state's rebuttal witnesses, Fay Davis, stated that Tijerina made a clothes dryer service call at her home in Odessa on June 16, 1974.

Ultimately, the jury returned a verdict of guilty and Tijerina was sentenced to ninety-nine years in the Texas Department of Corrections. Apparently, Tijerina's lengthy sentence resulted, at least in part, from the fact that he had been convicted on six other counts relating to the sale of heroin. Tijerina's motion for new trial was overruled and the Texas Court of Criminal Appeals affirmed his conviction on appeal and denied two applications for state writs of habeas corpus. Subsequently, Tijerina filed an application for writ of habeas corpus in the federal district court and is before this Court on direct appeal alleging that the district court erred in denying relief.

■ At the outset, this Court must determine whether any of Tijerina's claims have been preserved for appeal. As noted previously, Tijerina's habeas corpus petition was referred originally to a magistrate. In *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*), this Court held that "... failure to file written objections to proposed findings and recommendations in a magistrate's report ... shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice." *Id.* at 408. However, the Court emphasized that this bar of appellate review occurs only if "... the magis-

trate informs the parties that objections must be filed within ten days of filing of the magistrate's report." *Id.* In the instant case, no objections to the magistrate's report were filed, but, the record does not affirmatively indicate that the magistrate informed Tijerina of the necessity of filing objections to the findings in the magistrate's report. Hence, this Court concludes that there is no limitation on appellate review in this case.[1]

■ In Tijerina's first ground of error, he contends that the district court erred in refusing to adopt the portion of the magistrate's recommendation that urged the district court to hold an evidentiary hearing on two of Tijerina's claims. Tijerina cites *Louis v. Blackburn*, 630 F.2d 1105 (5th Cir. 1980) as authority for this contention. However, *Louis v. Blackburn* is distinguishable from this case. In *Louis*, this Court reversed the district court's denial of habeas corpus because the district judge rejected the magistrate's findings by making credibility choices as to witnesses whose testimony he had not heard. But, in the instant case, no evidentiary hearing was held, and, thus, no credibility choices were made either by the magistrate or the district judge.

Under the Federal Magistrate's Act, the district court may give to the magistrate's proposed findings of fact and recommendations "... such weight as [their] merit commands and the sound discretion of the judge warrants." *See* 28 U.S.C. § 636(b)(1); *Mathews v. Weber*, 423 U.S. 261, 275, 96 S.Ct. 549, 556, 46 L.Ed.2d 483 (1976). Moreover, this Court has held that an evidentiary hearing is unnecessary when the habeas corpus petitioner raises only questions of law or questions concerning the legal implications to be drawn from undisputed facts, or when factual issues may be resolved by resort to the state court's records.[2] *Easter v. Estelle*, 609 F.2d

---

1. This Court does not suggest that under *Nettles* failure to object to the magistrate's report, when notice has been given of the necessity of such objection, would bar assertions on appeal that do not depend on challenging the correctness of the magistrate's factual findings. The *Nettles* bar only prevents one from challenging

factual findings that have been adopted or accepted by the district court. *Nettles*, 677 F.2d at 408.

2. Tijerina contends that he was not afforded a full and fair hearing by the state court since his state writ of habeas corpus application was

**6**

756 (5th Cir. 1980); *Clark v. United States,* 606 F.2d 550 (5th Cir. 1979); *United States v. Guerra,* 588 F.2d 519 (5th Cir. 1979); *Cronnon v. Alabama,* 587 F.2d 246 (5th Cir. 1979); *Spinkellink v. Wainwright,* 578 F.2d 582 (5th Cir. 1978); *Anderson v. Maggio,* 555 F.2d 447 (5th Cir. 1976); *Clayton v. Estelle,* 541 F.2d 486 (5th Cir. 1976); *Farmer v. Cardwell,* 476 F.2d 22 (5th Cir. 1973); *Hoskins v. Wainwright,* 440 F.2d 69 (5th Cir. 1971). Hence, this Court concludes that the district court did not err in refusing to hold an evidentiary hearing.

■ In Tijerina's second ground of error, he contends that the decision in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) should be applied to determine whether the indictment in his state criminal proceeding was based upon sufficient evidence. In *Jackson v. Virginia,* the Supreme Court set forth the proper standard to be used "in a federal habeas corpus proceeding when the claim is made that a person has been convicted in a state court upon insufficient evidence." Clearly, *Jackson* dealt only with the sufficiency of the evidence produced at the habeas corpus petitioner's state trial, not with the sufficiency of the evidence produced before the grand jury that subsequently returned the indictment that gave rise to the accused's trial. The Supreme Court has consistently drawn a distinction between the quantum of proof necessary to support an indictment and that necessary to support a conviction. As the Supreme Court noted in *Costello v. U.S.,* 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956):

If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

Bearing these principles in mind, this Court rejects Tijerina's contention that the *Jackson* standard should be applied to this case in order to determine whether his indictment was based upon sufficient evidence.

■ Tijerina contends in his third ground of error that the prosecutor's closing argument in his state trial deprived him of a fair trial. As noted previously, Tijerina relied upon two gasoline station receipts to support his alibi defense. During the prosecutor's cross-examination of Tijerina's wife, who brought the receipts to defense counsel, the following exchange took place:

Q. Where is the other pieces of paper that were clipped onto this with a clip?
A. I don't know who would have put them together because I had them separate.
Q. Is there not marks where something had been stapled onto them?
Mr. McLeaish: If it please Your Honor, to speed things along, I had those stapled in my file.
The Court: Are you satisfied with that, Mr. Green?
Mr. Green: No, sir, I am not. I don't believe him.

Thereafter, Tijerina's attorney testified that he had not altered the receipts but that they might have been altered before he received them. Ultimately, in an attempt to persuade the jury that the receipts had been altered, the prosecutor made the following statement in closing argument:

denied without a hearing. However, the need for an evidentiary hearing was a decision to be made by the state convicting court in the exercise of its sound discretion. *See* Tex.Code Crim.Pro. art. 11.07 Sec. 2(d); *Ex Parte Young,* 418 S.W.2d 824 (Tex.Cr.App.1967). Additionally, an allegation that the state district court abused its discretion in not holding an evidentiary hearing would not appear to implicate constitutional protections. It is well settled that the sole function of the writ of habeas corpus is "to grant relief from unlawful imprisonment or custody...." *Pierre v. U.S.,* 525 F.2d 933 (5th Cir. 1976).

... Now, the crucial issue in this case I think is boiled down to whether or not the defendant was in town on that date, or whether he was in Mission or Giddings or wherever it was. As the Court has instructed you the defense has set up what is known as an alibi defense in this case, and therefore it is up to you as the Judge said in his charge, as the sole judges of the credibility of the witnesses and of the facts proved to determine whether or not Mr. Tijerina was in town or whether he was out of town. Now, the defense introduced some exhibits, some cash tickets for gasoline sold 6/26/74 and 6/27/74. Now, you are entitled to take these exhibits back with you and when you do I want you to examine them real closely. You will see one of them is made out in pencil, check the 6 on the 26th, the day of the month and see if you can tell whether or not it was a little darker or different, a little different markings than the numbers around it. Possibly that may have been changed. And on the cash ticket, which was written in ink, right here where it has gallons of gasoline 16–0, check underneath the writing here in ink and see if you can't see pencil markings underneath all these. Check the 2 and 27 where it indicates 6/27/74, check that, the markings of it and see if you can tell whether or not that has been altered. As I say you are entitled to take these back and examine them. I ask you to scrutinize them closely.

This Court concludes that the prosecutor's remarks did not deprive Tijerina of a fair trial.

In order for improper jury argument to warrant habeas corpus relief, the argument must have been of such a grave character that it deprived the accused of a fair trial. *Donnelly v. DeChristofiro,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Cobb v. Wainwright,* 609 F.2d 754 (5th Cir. 1980). Further, in examining the argument, this Court will not presume bad faith on the part of the prosecutor. *U.S. v. Rochan,* 563 F.2d 1246 (5th Cir. 1977). In light of the evidence adduced by the prosecutor during cross-examination of Tijerina's wife, this Court concludes that the prosecutor's closing argument was a reasonable deduction from the evidence and did not deprive the accused of a fair trial. Not only did defense counsel admit that the receipts might have been altered before he received them, but the receipts themselves apparently indicated that the dates had been changed. Finally, it is significant that Tijerina failed to object to the alleged improper argument. *See Sanchez v. State,* 589 S.W.2d 422 (Tex. Cr.App.1979); *Hargrave v. State,* 579 S.W.2d 238 (Tex.Cr.App.1979); *Cooper v. State,* 578 S.W.2d 401 (Tex.Cr.App.1979); and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In a last-ditch-effort to persuade this Court to grant habeas corpus relief, Tijerina avers that his attorney failed to provide reasonably effective assistance. It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffective by hindsight. *Clark v. Blackburn,* 619 F.2d 431 (5th Cir. 1980); *Easter v. Estelle,* 609 F.2d 756 (5th Cir. 1980); and *MacKenna v. Ellis,* 280 F.2d 592 (5th Cir.) *modified,* 289 F.2d 928, *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). Rather, inquiry must be made into the totality of the circumstances surrounding counsel's performance to determine whether reasonably effective representation was provided. *Lovett v. State of Florida,* 627 F.2d 706 (5th Cir. 1980). Having fully considered Tijerina's allegation of ineffective assistance of counsel in the context of the totality of the circumstances surrounding counsel's performance, this Court concludes that Tijerina's counsel rendered reasonably effective assistance.

Concluding that the district court did not err in refusing to grant Tijerina's request for habeas corpus relief, this Court affirms the district court's judgment.

AFFIRMED.