John E. MILLER, Appellant,

v.

Herman SOLEM, Warden, South Dakota State Penitentiary; Mark V. Meierhenry, Attorney General of the State of South Dakota, Appellees.

No. 84–1796.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1985.

Decided April 4, 1985.

Richard Johnson, Sioux Falls, S.D., for appellant.

Thomas H. Harmon, Asst. Atty. Gen., Pierre, S.D., for appellee.

Before ROSS and BOWMAN, Circuit Judges, and OLIVER,* District Judge.

PER CURIAM.

Petitioner-appellant John E. Miller appeals from an order dismissing his third federal habeas corpus petition as an abuse of the writ under Rule 9(b), 28 U.S.C. foll. § 2254.

Petitioner was convicted of assault with a dangerous weapon and second degree rape and is presently serving a term of 25 years in the South Dakota State Penitentiary. Petitioner unsuccessfully appealed his convictions and unsuccessfully sought postconviction relief in state court proceedings. In 1977 and again in 1981 he filed unsuccessful petitions for habeas corpus relief in federal district court.

On April 19, 1984, petitioner filed a third petition, *pro se* with the same court alleging grounds not raised in his previous petitions. On May 14, 1984, the district court denied petitioner relief *sua sponte* as an abuse of the writ, without conducting a hearing or seeking further explanation from petitioner. This appeal followed.

---

* The HONORABLE JOHN W. OLIVER, Senior Judge, United States District Court for the West-    ern District of Missouri, sitting by designation.

█ Initially the government asserts that this court lacks jurisdiction to hear this appeal because the notice of appeal was filed on the thirty-first day after the filing of the district court order dismissing the petition. Petitioner has submitted an affidavit stating that he mailed the notice of appeal on June 5, 1984, *eight* days before his filing deadline, and also a copy of his receipt for certified mail stamped June 5, 1984. Therefore it must be assumed that petitioner mailed his notice of appeal sufficiently in advance of his June 13, 1984 deadline so as to reasonably insure a timely filing. Under these particular facts, the appeal is timely and this court has jurisdiction.

█ This appeal raises the issue of whether a district court may dismiss a successive habeas petition as an abuse of the writ without first affording the petitioner an opportunity to explain his alleged abuse. Petitioner contends it was error for the district court to dismiss his petition pursuant to Rule 9(b) without providing him with an opportunity to explain his failure to raise his new grounds for relief in his previous petitions. We agree.

Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Court allows a district court in its discretion to dismiss a successive petition "if new and different grounds are alleged, [and] the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ." 28 U.S.C. foll. § 2254. But summary dismissal of a successive petition on grounds of abuse is not automatic, and as the Advisory Note to Rule 9 explains: "[i]f it appears to the court after examining the petition and answer (where appropriate) that there is a high probability that the petition will be barred under either subdivision of rule 9, the court ought to afford petitioner an opportunity to explain his apparent abuse." See Advisory Committee Note to Rule 9, 28 U.S.C. foll. § 2254.

█ Once the government has raised the issue of abuse or it has been raised *sua sponte*, the burden shifts to the petitioner to show why he has not abused the writ. *Vaughan v. Estelle*, 671 F.2d 152, 153 (5th Cir.1982). But before petitioner can attempt to meet his burden of negating the allegation of abuse, he is entitled to be made aware that abuse of the writ is being contemplated by the district court as a grounds for the summary dismissal of his petition. We hold that a successive petition may not be dismissed as an abuse of the writ pursuant to Rule 9(b) unless the petitioner has been given a reasonable opportunity to prove he has not abused the writ. *Robinson v. Fairman*, 704 F.2d 368, 370 (7th Cir.1983); *Vaughan v. Estelle, supra*, 671 F.2d at 153; *Johnson v. Copinger*, 420 F.2d 395, 399–400 (4th Cir.1969); *see also McLaughlin v. Gabriel*, 726 F.2d 7, 10 (1st Cir.1984).

In the present case petitioner was not given a reasonable opportunity to offer justification for his failure to raise his contentions in his earlier habeas petitions. For this reason alone [1] the case is remanded to the district court for further proceedings. The district court shall vacate its dismissal, appoint counsel for the petitioner [2] and enter an order to show cause why the petition should not be dismissed as an abuse of the writ. Following further consideration on remand and a ruling by the court, the district court shall issue a certificate of probable cause for appeal. This court shall retain jurisdiction of this matter pending the proceeding on remand.

---

[1] We express no view as to whether petitioner should have raised his new grounds in his prior habeas petitions nor as to the merits of the instant petition.

[2] Counsel appointed to argue this appeal indicated he would accept appointment in the district court. We appreciate counsel's willingness to serve in this matter and thank him for the services he has rendered thus far.