**John E. MILLER, Appellant,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary; Mark V. Meierhenry, Attorney General of the State of South Dakota, Appellees.**

**No. 84–1796.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 12, 1985.

Decided Dec. 23, 1986.

Rehearing Denied Feb. 10, 1987.

Richard Johnson, Sioux Falls, S.D., for appellant.

Thomas H. Harman, Asst. Atty. Gen., Pierre, S.D., for appellees.

Before ROSS and BOWMAN, Circuit Judges, and OLIVER,* District Judge.

PER CURIAM.

Appellant John E. Miller appeals the denial of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a prior appeal, reported as *Miller v. Solem*, 758 F.2d 144 (8th Cir.1985), this court vacated the dismissal of appellant's petition and remanded the case to the district court for appointment of counsel and consideration of appellant's claims. We retained jurisdiction of the case pending the proceedings on remand.

Appellant asserts three grounds for relief: (1) a due process violation, (2) an ineffective assistance of counsel claim, and (3) a denial of right to counsel. In a pretrial incident, a jury was convened before the trial court realized that because of an oversight, appellant's arraignment had been recessed before appellant had actually entered a plea to the charges against him. The court had proceeded on the assumption that appellant had entered a plea of not guilty. When given the choice to request a mistrial or to proceed with an immediate arraignment and continue trial, appellant's decision to take the latter course was affected by the prosecutor's expressed intention to consider filing a more serious charge in the event of a mistrial ruling. Appellant characterizes the prosecutor's statement as a threat which coerced him into waiving his right to a mistrial, in violation of his right to due process. Appellant's claim of ineffective assistance of counsel arises from his attorney's failure to introduce into evidence at trial FBI laboratory tests of appellant's and the victim's clothing and other physical evidence from

---

* The HONORABLE JOHN W. OLIVER, Senior Judge, United States District Court for the Western District of Missouri, sitting by designation.

the scene of the crime. Appellant also alleges that because his court-appointed attorney had no prior experience trying criminal felony cases, his representation by the attorney amounted to a complete denial of his right to counsel.

On remand, after consideration of appellant's claims and oral argument by the parties, the district court denied appellant's petition for a writ of habeas corpus. The district court concluded as to the due process claim, that appellant in fact had no right to a mistrial when it was discovered at the beginning of his trial that his arraignment had been interrupted before appellant had entered his plea. Moreover, the court did not consider the prosecutor's statement a vindictive denial of due process. Finally, the district court found that the decision not to introduce the clothing evidence was not professionally unreasonable or deficient conduct, and no specific prejudicial errors by appellant's counsel were identified, regardless of his prior inexperience in trying felony cases.

We have carefully reviewed the record, including the opinion of the district court, and we conclude that the decision of the district court is based on findings which are not clearly erroneous, and that no error of law appears. Accordingly, we affirm the judgment of the district court. *See* 8th Cir. R. 14.