**Eddy Ray MESSIMER, Appellant,**

v.

**A.L. LOCKHART, Director,
ADC, Appellee.**

**No. 86–2241.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1987.

Decided June 30, 1987.

Regina Hopper Blakely, Little Rock, Ark., for appellant.

Jack Gillean, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ROSS, Circuit Judge,[*]
HENLEY, Senior Circuit Judge, and
JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

---

* Judge Ross, presiding judge at date of submis-    sion, assumed senior status on June 15, 1987.

Eddy Ray Messimer appeals from a judgment of the district court[1] dismissing his petition for habeas corpus relief sought under provisions of 28 U.S.C. § 2254. Appellant contends the district court erred in dismissing his habeas petition by finding procedural default pursuant to *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and its progeny, and abuse of the writ pursuant to Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts. We affirm.

In June, 1982 appellant, then a recidivist inmate of the Arkansas penitentiary, was convicted in an Arkansas state court of three counts of terroristic threatening allegedly committed in 1981 by writing from the penitentiary three threatening letters to President Ronald Reagan. He was sentenced as an habitual offender to a total of thirty years, with ten years suspended.

Messimer appealed to the Arkansas Court of Appeals, which affirmed. The Arkansas Supreme Court denied his request for post-conviction relief. Subsequently appellant sought habeas relief in the United States District Court, which denied relief in 1984, No. PB–C–84–57. Thus, the case now before the court is appellant's second federal habeas attack on his 1982 conviction.

The State of Arkansas filed a motion to dismiss alleging abuse of the writ pursuant to Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts and procedural default. Appellant filed a response to the motion to dismiss, in which he alleged that he was unaware of the basis for his habeas claims when his conviction was appealed or at the time of his previous habeas petition.

Appellant's case was referred to a magistrate, who recommended dismissal. The magistrate sent appellant a letter informing him of the recommendation and advising him of his right to file written objections. The magistrate enclosed with the letter his proposed Memorandum and Order. Appellant filed written objections, again alleging that he was previously unaware that his claims provided a basis for habeas relief. The district court adopted the magistrate's recommendation and dismissed appellant's petition. The district court reasoned that the petition constituted an abuse of the writ and that there was procedural default with respect to the issues raised.

▆ Appellant argues that he was not given adequate notice of his burden to rebut the motion to dismiss nor of the consequence of his failure to do so. This court has previously held that a successive habeas petition "may not be dismissed as an abuse of the writ pursuant to Rule 9(b) unless the petitioner has been given a reasonable opportunity to prove he has not abused the writ." *Miller v. Solem*, 758 F.2d 144, 145 (8th Cir.1985). The petitioner need not necessarily be provided with an evidentiary hearing on the issue. However, the petitioner must be given notice that dismissal is being considered and of petitioner's obligation to respond with a specific showing that he has not abused the writ. *Miller*, 758 F.2d at 145. Thus, we come to the question whether notice given Messimer was adequate or whether dismissal on inadequate notice was an abuse of discretion.

Appointed counsel argues with much persuasive force that this court should require in the district courts uniform use of the model Form for Petitioner's Response as to Why His Petition Should Not Be Barred under Rule 9 found in the Appendix of Forms following Rules Governing § 2254 Cases in the United States District Courts. Counsel insists that at least on the reasoning of *Urdy v. McCotter*, 773 F.2d 652, 656 (5th Cir.1985), notice of dismissal as a consequence of failure to respond with specific facts was inadequate to advise Messimer of impending dismissal for abuse of the writ.

While we are not prepared to require use of the model response form, we certainly commend its use to the district courts since it clearly meets, at least for use in habeas cases we have considered, required legal

---

1. The Honorable William R. Overton, United States District Judge, Eastern District of Arkansas.

standards. And we certainly endorse the holding in *Urdy* that notice of a need to present facts in order to avoid dismissal must be given.

■ Here, however, although the matter may not be entirely free from doubt, the circumstances are such that we find no abuse of discretion in dismissal for abuse of the writ. Appellant was well aware of the state's motion to dismiss for abuse and responded to it. When the magistrate proposed dismissal he forwarded the proposal to appellant who responded. That proposal clearly noted:

> Nevertheless, the merits of Petitioner's case need not be reached. Petitioner's failure to assert his claims in state court and in his first federal habeas challenge of the convictions now being contested constitute procedural default under *Engle* and *Sikes* [sic], as well as an abuse of the writ under Rule 9(b) of the Rules Governing § 2254 Cases. Petitioner has not pleaded a "cause" for his failure to present his claims in state court that is recognized by the precedent of this Circuit. Nor has Petitioner cited an intervening change in law applicable to his case, as required by Rule 9(b) to justify his failure to present all of his claims in his previous petition.

The letter enclosing a copy of the proposed dismissal told appellant that if any party objected the party could file written objection which should be specific and should include the factual or legal basis for the objection. The letter did not state that absent objection appellant's petition would be dismissed, but obviously the letter and the proposed dismissal read together put appellant on notice that absent objection he would suffer dismissal.

In this connection, we observe that Messimer is an experienced litigator in the federal courts. The files reflect that he has filed in recent years more than thirty petitions of one kind or another. As recently as 1984, in disposing of five of Messimer's cases, including two habeas cases, Judge Overton clearly warned Messimer of the need to make *"specific factual allegations."* While it is true to a point that a

prisoner should not be penalized for having availed himself of access to the courts, *Simpson v. Wainwright*, 488 F.2d 494, 496 (5th Cir.1973), knowledge of the litigator is a circumstance to be considered.

Little need be added here about appellant's procedural default. In *Sykes* the Supreme Court held that failure to raise an issue before the state courts under established procedure bars federal habeas review absent a showing of cause for the procedural default and prejudice resulting therefrom. This court has applied the procedural bar many times in cases arising from Arkansas. *See, e.g., Spillers v. Lockhart*, 802 F.2d 1007, 1011 (8th Cir.1986); *Hobbs v. Lockhart*, 791 F.2d 125, 128 (8th Cir.1986) (citing *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982)). It is sufficient for present purposes to note that the district court's dismissal for procedural default is amply supported by the record.

Messimer may have been harshly punished for having mailed three threatening letters, none of which, considering the source, could have amounted to a simple assault on the President. However, the twenty year penalty imposed as well as the service thereof rests largely with the State of Arkansas. We perceive at this time no legal or rational basis for questioning the conviction or sentence in this proceeding. Thus, we are inclined to affirm.

In coming to decision we wish to thank counsel appointed to represent Messimer on appeal for an excellent and skilled presentation.

The judgment of the district court is affirmed.