Glenn Lamar **SPRADLEY,**
Petitioner-Appellant,

v.

Richard L. **DUGGER,** Robert A. **Butterworth, The Attorney General of the State of Florida,** Respondents-Appellees.

No. 87–3006
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1987.

Glenn Spradley, pro se.

William I. Munsey, Jr., Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before HILL, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

Petitioner Glenn Lamar Spradley, a Florida inmate, appeals the district court's denial of his habeas petition. The district court dismissed two of his claims as an abuse of the writ and one on the merits. We reverse in part and affirm in part.

Petitioner filed a habeas petition in federal district court asserting three claims: (1) that the state trial court which heard and denied his 3.850 motion violated his due process rights because it failed to conduct an evidentiary hearing and did not attach to its opinion denying relief those portions of the record on which it relied; (2) that the

state trial court violated his due process rights in retaining jurisdiction over petitioner's sentences; and (3) that the trial court's use of the enhanced sentencing provisions of Fla.Stat. 775.087(1) violated the double jeopardy clause.

The district court issued an order to show cause and the state filed a response. In its response the state observed that petitioner previously had filed a habeas petition raising at least related grounds. The state did not affirmatively plead abuse of the writ, nor did the state file a motion for summary judgment.

The district court, *sua sponte* and without notice to petitioner, treated the state's response as a motion for summary judgment. Having created a motion for summary judgment, the district court *sua sponte* raised the issue of whether Spradley's petition constituted an abuse of the writ. The district court then granted summary judgment for the state.[1]

I.

The district court based its dismissal of claims (2) and (3) on Rule 9(b) of the Rules Governing Section 2254 Cases. Because the district court failed to provide petitioner either with notice that it was considering dismissal pursuant to Rule 9(b) or with an opportunity to respond, we reverse the grant of summary judgment and remand.

 Abuse of the writ is an affirmative defense which must be either plead by the state with clarity and particularity, *see Sanders v. United States*, 373 U.S. 1, 10–11, 83 S.Ct. 1068, 1074–75, 10 L.Ed.2d 148 (1963); *Price v. Johnston*, 334 U.S. 266, 291–92, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948); Advisory Committee Note to Rule 9(b), 28 U.S.C.A. at 1139, or raised *sua sponte* by the court. *See Thigpen v. Smith*, 792 F.2d 1507, 1515 & n. 13 (11th Cir.1986); *Manning v. Warden Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th

1. The district court granted petitioner a certificate of probable cause by order dated December    15, 1986.

Cir.1986); *Miller v. Solem,* 758 F.2d 144, 145 (8th Cir.1985). Once raised, the burden falls on petitioner to prove that he has not abused the writ. *Miller,* 758 F.2d at 145; *see Price,* 334 U.S. at 292, 68 S.Ct. at 1063. For the petitioner to meet this burden, however, he must be provided with both notice that the district court is considering dismissal on abuse of the writ grounds and a reasonable opportunity to respond. *Manning,* 786 F.2d at 711; *Miller,* 758 F.2d at 145, *Robinson v. Fairman,* 704 F.2d 368, 370 (7th Cir.1983); *Johnson v. Copinger,* 420 F.2d 395, 399 (4th Cir.1969); *see Price,* 334 U.S. at 292–93, 68 S.Ct. at 1063–64; *Potts v. Zant,* 638 F.2d 727, 747–48 (5th Cir. Unit B 1981), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981); Advisory Committee Note to Rule 9.

■ Consequently, a district court may not dismiss a petition *sua sponte* pursuant to Rule 9(b) without first providing the petitioner both with specific notice that dismissal pursuant to Rule 9(b) is contemplated and with a reasonable opportunity to prove that he has not abused the writ. *See Potts,* 638 F.2d at 747–48; *Manning,* 786 F.2d at 711; *Miller,* 758 F.2d at 145; *Robinson,* 704 F.2d at 370–71; *cf. Hill v. Linahan,* 697 F.2d 1032, 1034 (11th Cir. 1983) (petitioner entitled both to notice that the state's request for a Rule 9(a) dismissal would be treated as a motion for summary judgment and to an opportunity to respond). Because here the district court provided petitioner with neither, we reverse.

## II.

■ Turning to claim (1), we conclude that this claim should have been dismissed, although not for the reasons cited by the district court. Instead, we conclude that the claim should have been dismissed as insufficient pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Neither the

state court's failure to hold a hearing on petitioner's 3.850 motion nor its failure to attach the relevant portions of the record in any way undermines the validity of petitioner's conviction. Because claim (1) goes to issues unrelated to the cause of petitioner's detention, it does not state a basis for habeas relief. *See Tijerina v. Estelle,* 692 F.2d 3, 5–6 n. 1 (5th Cir.1982); *Pierre v. United States,* 525 F.2d 933, 935–36 (5th Cir.1976).[2]

## III.

In sum, the district court is AFFIRMED as to claim (1) and REVERSED as to claims (2) and (3). The case is REMANDED to the district court for proceedings consistent with this opinion.

---

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions

of the former Fifth Circuit rendered prior to October 1, 1981.