**UNITED STATES of America, Appellee,**

v.

**Amajuoyi Iwunze BRIGGS, Appellant.**

**No. 91–3414.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1992.

Decided July 14, 1992.

Rehearing and Rehearing En Banc Denied Aug. 28, 1992.

Michael H. Daub, Minneapolis, Minn., argued, for appellant.

Gwynne Skinner, Asst. U.S. Atty., Minneapolis, Minn., argued (Frank J. Magill, Jr., Asst. U.S. Atty., on the brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Amajuoyi Iwunze Briggs appeals his conviction of one count of conspiring to distribute and possess heroin with intent to distribute in violation of 21 U.S.C. § 846 (1988), and four counts of distributing heroin in violation of 21 U.S.C. § 841(a)(1) (1988). Briggs argues that the district court[1] erred by refusing to grant a mistrial when the government produced a surveillance report at trial that had not been given to him before trial. He also argues that the district court erred in sentencing him by ordering a two-level enhancement for obstruction of justice, and a two-level increase as a leader. We affirm the conviction and sentence.

A superseding indictment charged Briggs with conspiring with Paula Berg[2] to distribute and possess with intent to distribute heroin from June 28, 1990, to August 1, 1990, and distributing heroin five specific times between June 28, 1990, and August 1, 1990. The facts, as in most conspiracy cases, can be recited with great complexity, but in view of the limited issues that have been raised, this is not necessary. Suffice it to say, Briggs was charged with conspiring to distribute heroin. Other participants related to this activity include Wayne Overbo,[3] Ken Okenwa and Victor Dillibe.[4] Berg's arrest on August 1, 1990, while dealing with an undercover officer, led to her cooperation with authorities and testimony that was key in the conviction of Briggs.

During his opening statement, Briggs' counsel told the jury that the only evidence that would connect Briggs to the case was Berg's testimony and the observations of a police officer made on July 17. At trial, Officer Gauff testified about his surveillance of Berg. Gauff testified that he saw Berg get in a car with Briggs on July 17. He testified that he did a registration check on the car which showed that the car was registered to Diane Turner, and was listed at a Rosemont address. Gauff also testified that on August 8, he conducted a surveillance at the Rosemont address, and saw Briggs drive the car from that residence.

Briggs' attorney followed up on Gauff's testimony that he saw Briggs leave the Rosemont address on August 8. To support his theory about the lack of police surveillance of Briggs, he asked Gauff: "[T]here is nothing in your reports that you engaged in any surveillance at the [Rosemont] home." Gauff answered: "I believe there is." Briggs' attorney persisted that no August 8 surveillance report existed, and to Briggs' attorney's surprise, Gauff produced a surveillance report dated August 8, 1990.

The government conceded that a copy of the August 8 report had not been provided to defense counsel, explaining that the report was not in the Assistant United States Attorney's file. Briggs moved for mistrial, or, in the alternative, a cautionary instruction. The court denied the motion for mistrial, and instructed the jury:

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. Berg pled guilty to conspiring to distribute heroin in violation of 21 U.S.C. §§ 841, 846 (1988), and received a 24-month sentence.

3. Overbo is Berg's ex-husband. He pled guilty to distributing heroin in violation of 21 U.S.C. § 841, and received an eight month sentence.

4. A jury returned guilty verdicts against Okenwa and Dillibe on numerous drug charges. Their appeals are reported at *United States v. Gaines,* 969 F.2d 692 (8th Cir.1992).

Now members of the jury I also wish to advise you at this time that through inadvertence a report was not made available to defense counsel as appropriately—it really should have been done prior to the commencement of this case. As a result the court is at this time instructing you to disregard any evidence of surveillance after August 1, 1990, linking Mr. Briggs and Diane Turner.

The jury convicted Briggs on all counts except one. The district court sentenced him to 121 months. Briggs appeals.

## I.

Briggs argues that he was denied a fair trial because of the government's failure to disclose the August 8, 1990, surveillance report before trial. Although the government argues that Fed.R.Crim.P. 16(a)(1)(C) does not require the production of police reports, it concedes that it would have disclosed the report if it had been aware of its nonproduction.

█ The district court has discretion in dealing with a party's failure to produce evidence. Fed.R.Crim.P. 16(d)(2); *United States v. Williams*, 902 F.2d 675, 677 (8th Cir.1990). "An abuse of discretion exists only if prior non-disclosure of the evidence prejudiced the substantial rights of the defendant." *Id.*

█ Briggs argues that the government's failure to produce the report undermined his defense strategy and violated his substantial rights. He states that the circumstances of this case are similar to those in *United States v. Rodriguez*, 799 F.2d 649 (11th Cir.1986). In that case, the government failed to produce a wallet taken from the defendant that contained names and telephone numbers of people in Columbia. *Id.* at 653. The government used this information in cross-examination to refute the defendant's testimony that he had minimal ties to Columbia, a known source of cocaine. *Id.* The Eleventh Circuit held that the district court should have ordered a mistrial because the failure to produce the wallet undermined the defense

strategy, and prevented the defendant from receiving a fair trial. *Id.* at 654.

Although Gauff's testimony conceivably undermined part of Briggs's trial strategy, the court prohibited the government from entering the report into evidence. In his cautionary instruction, the judge placed the blame for the missing report squarely on the government. Moreover, Gauff's testimony that he observed Briggs leave the Rosemont address was not incriminating. *See United States v. Davis*, 646 F.2d 1298, 1304–05 (8th Cir.1981) (defendant's substantial rights were not violated when evidence produced at trial was not "critical" to government's case), *cert. denied*, 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981); *United States v. Masters*, 840 F.2d 587, 591–92 (8th Cir.1988). It did not place Briggs and Berg together at that time, and was after the charged events. The district court instructed that the jury not consider anything occurring after August 1. Briggs was not substantially prejudiced.

## II.

█ Briggs next contends that the district court erred in sentencing him. He first argues that the court erred by adjusting his offense level by two levels based upon a finding that Briggs obstructed justice. United States Sentencing Guidelines § 3C1.1. (Nov. 1, 1991). The district court concluded that the upward adjustment was appropriate because Briggs testified untruthfully at trial.

Briggs argues that the district court did not make any findings of perjury. Briggs argues that he only denied the allegations in the indictment, and such an upward adjustment effectively punished him for testifying at trial and denying the allegations in the indictment.

We rejected an argument like the one Briggs advances here in *United States v. Wagner*, 884 F.2d 1090, 1098–99 (8th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990). Briggs' testimony that he never sold heroin to Berg directly contradicts Berg's, and is inconsistent with the jury verdict. This testimony alone provides the basis for the court's

upward adjustment. *See, e.g., Wagner,* 884 F.2d at 1098.

■ Briggs also complains that the district court improperly increased his criminal offense level by two points after finding he was "an organizer, leader, manager or supervisor" of criminal activity. U.S.S.G. § 3B1.1.(c). A district court's determination of a defendant's role is a factual finding and will not be reversed unless clearly erroneous. *United States v. Manuel,* 912 F.2d 204, 207 (8th Cir.1990).

■ The evidence supports the district court's finding. There was testimony that Briggs was involved with other heroin dealers, sold Berg heroin, and knew that Berg sold heroin to others. His conduct was consistent with that of defendants in other cases in which we have held that such an enhancement was appropriate. *See, e.g., United States v. Olesen,* 920 F.2d 538, 543 (8th Cir.1990); *United States v. Yerks,* 918 F.2d 1371, 1375 (8th Cir.1990).

We affirm Briggs' conviction and sentence.