986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
James J. VASILOPOULOS, Appellant.
 No. 92-2605.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 15, 1993.
Filed: February 19, 1993.
 
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Vasilopoulos appeals the seventy-eight-month sentence imposed by the District Court[1] following his guilty plea to conspiring to distribute cocaine and money-laundering, in violation of 21 U.S.C. §§ 841, 846 (1988), and 18 U.S.C. § 1956(a)(1) (1988). We affirm.
 
 
 2
 Pursuant to a plea agreement, appellant pleaded guilty to one count of conspiring to distribute cocaine and one count of money-laundering. A statement of facts incorporated into the agreement provided that appellant and his brother delivered approximately 1400 grams of cocaine to Charles Hewitt between May 1989 and July 20, 1990. Hewitt transported the cocaine to South Dakota for sale. The majority of the distributions were from appellant to Hewitt. Additionally, between September and October 1989, at appellant's direction, Hewitt transported from South Dakota to North Dakota $1150 derived from cocaine sales; directed the purchase of cashier's checks payable to Meg Barter, appellant's fiance; delivered the checks to Barter in Massachusetts; and caused Barter to deliver the checks to appellant. The checks were made payable to Barter to conceal appellant's ownership of the money.
 
 
 3
 The presentence report (PSR) determined that appellant was the manager of a criminal activity involving five or more participants, and subject to a three-level increase under U.S.S.G. § 3B1.1(b). In calculating appellant's criminal history score the PSR assigned him one point for a cocaine charge in Massachusetts state court to which he pleaded not guilty. The PSR indicated that, because the Massachusetts court found sufficient facts to establish guilt, the charge should be included under U.S.S.G. § 4A1.2(f), even though the court continued the case without a finding. This resulted in a criminal history category of II, an offense level of 27, and a sentencing range of 78 to 97 months.
 
 
 4
 Appellant objected to the PSR's recommended three-level increase for his role in the conspiracy, and the criminal history point for the state-court cocaine charge. At sentencing, appellant submitted a letter from David Rifkin, his attorney in the state case. The letter stated that Massachusetts authorities offered appellant a continuance without a finding of guilt, and explained that this procedure "was one way of admitting to sufficient facts with an alternate disposition, but should something take place or if he was involved with anything else that would break probation, ... it could be considered a guilty in the future without the opportunity for further trial." (Appellant's app. II.) In addition to the statement of facts attached to the plea agreement, the government submitted grand jury testimony to support the three-level increase. Appellant objected to the use of this testimony on Confrontation Clause grounds. The District Court indicated that it intended to rely on the testimony to determine whether the increase was proper and that it believed a two-level increase under section 3B1.1(c) might be more appropriate.
 
 
 5
 Following a recess, the court found that "the record adequately sets forth that in this conspiracy," appellant was "a leader and it appears, therefore, that a two-level adjustment is appropriate." (Sent. tr. at 34.) The court also concluded that the PSR correctly assigned appellant one criminal history point for the state-court cocaine charge because the docket record indicated that there were sufficient facts to support the charge and Rifkin's letter stated that appellant had admitted to sufficient facts. Based on these findings, the court determined that appellant's total offense level was 26, his criminal history category II, and his sentencing range 70 to 87 months.
 
 
 6
 On appeal, appellant argues that the District Court erred by (1) imposing the two-level leadership increase based on his role in the conspiracy; and (2) assigning him one criminal history point for the state-court cocaine charge.
 
 
 7
 Appellant contends that the government failed to present sufficient admissible evidence to prove that the increase applied. See United States v. Dinges, 917 F.2d 1133, 1135 (8th Cir. 1990). He maintains that the District Court's reliance on the grand jury testimony violated the Confrontation Clause, and without this testimony, the evidence was insufficient to support the increase. In United States v. Wise, 976 F.2d 393, 401-02 (8th Cir. 1992) (en banc), however, this Court held that the Confrontation Clause does not apply at sentencing. See also United States v. Harris, Nos. 91-2019, 2022, slip op. at 3-4 (8th Cir. Dec. 31, 1992) (District Court has discretion to consider grand jury testimony at sentencing).
 
 
 8
 As to the sufficiency of the evidence, we review for clear error a District Court's determination of a defendant's role in the offense. United States v. Briggs, 969 F.2d 689, 692 (8th Cir. 1992). Section 3B1.1(c) provides for a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)." The District Court correctly concluded that the stipulated facts and Hewitt's grand jury testimony establish that appellant was the leader of the conspiracy. The majority of the cocaine distributions were from appellant to Hewitt, and appellant knew Hewitt was reselling the cocaine in South Dakota. See Briggs, 969 F.2d at 692. Moreover, appellant directed Hewitt to complete a series of financial transactions to pay for the cocaine and to conceal appellant's ownership of the proceeds. See Section 3B1.1, comment. (n.3).
 
 
 9
 Appellant next contends that the District Court erred by assigning him one criminal history point under section 4A1.2(f) for the Massachusetts cocaine charge. That section provides:
 
 
 10
 Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.
 
 
 11
 Id. A continuance without a finding allows a trial judge to continue "a case for a lengthy period of time without making a finding of guilty." Commonwealth v. Duquette, 438 N.E.2d 334, 338 (Mass. 1982). Such continuances may be used in conjunction with an admission to sufficient facts, which means "an admission to facts sufficient to warrant a finding of guilty." Id.
 
 
 12
 Although that Massachusetts charge did not result in a formal finding of guilt, the court record contains the handwritten notation "Suff. facts." (Appellant's app. I.) This notation and the letter from appellant's attorney for the state court charge demonstrate that appellant admitted to sufficient facts to support a finding of guilt and that the state court action was a diversionary disposition under section 4A1.2(f). Thus, the District Court properly assigned appellant one criminal history point for it.
 
 
 13
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota