**Amajuoyi Iwunze BRIGGS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 94–1991.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1995.

Decided March 6, 1995.

Jeffrey S. Paulsen of Minneapolis, MN (David L. Lillehaug, Jeffrey S. Paulsen and Kathleen M. Zahorik, on the brief), for appellee.

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Amajuoyi Iwunze Briggs appeals the district court's[1] order denying his second 28 U.S.C. § 2255 motion as an abuse of the § 2255 procedure. We affirm.

A jury convicted Briggs of conspiring to distribute and of distributing heroin. After this court affirmed the conviction on direct appeal, *United States v. Briggs*, 969 F.2d 689, 690 (8th Cir.1992), Briggs filed a nineteen-page petition for § 2255 relief, which the district court denied because it raised only issues that had been considered and rejected on direct appeal. Briggs then filed this § 2255 motion, asserting numerous additional grounds for relief, including ineffective assistance of counsel, prosecutorial misconduct, errors in admission of hearsay, and violation of his right to be present at all stages of trial.

In response to Briggs's motion for leave to proceed in forma pauperis, the district court entered its order denying his § 2255 motion. The court explained that Briggs's ineffective assistance claim was probably barred as an abuse of the writ, but in any event must be dismissed because "none of [Briggs's] allegations regarding his counsel's conduct, if true, would render counsel's performance at trial or sentencing professionally unreasonable." The court dismissed the remaining grounds as barred by his failure to raise them in his first § 2255 motion. On appeal, Briggs argues that his claims should not be dismissed as abusive. However, he has failed to allege cause that would excuse his failure to raise those claims in his prior § 2255 proceeding, as required by *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991). Accordingly, we affirm for the reasons stated in the district court's order dated April 7, 1994. *See* 8th Cir. Rule 47B.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I respectfully dissent because the district court may not dismiss section 2255 claims

sua sponte as abusive without first giving petitioner an opportunity to show that he has not abused the procedure. *See United States v. Fallon*, 992 F.2d 212, 213 (8th Cir. 1993); *Miller v. Solem*, 758 F.2d 144, 145 (8th Cir.1985) (per curiam), *cert. denied*, 481 U.S. 1054, 107 S.Ct. 2192, 95 L.Ed.2d 848 (1987). I would remand for further proceedings consistent with the established case law of our circuit.

*McClesky v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1990), relied on by the court, is not to the contrary. In the first place, *McClesky* did not involve a *sua sponte* dismissal. In the second place, *McClesky* specifically puts the burden of pleading abuse of the writ on the government, after which the petitioner is entitled to disprove that his petition is abusive. Since the district court did not give petitioner such an opportunity here, the case should be remanded.

---

**1.** The HONORABLE PAUL A. MAGNUSON, Chief Judge of the United States District Court for the District of Minnesota.