George MERCER, Petitioner,

v.

Bill ARMONTROUT, Warden, Missouri
State Penitentiary, Respondent.

No. 81–0977–CV–W–5.

United States District Court,
W.D. Missouri, W.D.

Sept. 15, 1986.

Cenobio Lozano, Jr., Harrisonville, Mo., for petitioner.

John Morris, Asst. Atty. Gen., Office of Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending for decision in this Court is petitioner George Mercer's application for habeas corpus under 28 U.S.C. § 2254. Petitioner is in the custody of the Missouri State Penitentiary, pursuant to a conviction of capital murder on November 9, 1979 in the Greene County Circuit Court. The petitioner was subsequently sentenced to death.

Petitioner appealed directly to the Missouri Supreme Court, which affirmed the conviction. *See State v. Mercer*, 618 S.W.2d 1 (Mo.1981). Following this adverse decision, petitioner filed a 27.26 motion which was denied and affirmed by the Missouri Court of Appeals in the Southern District. Thus, it would appear that petitioner has exhausted his state remedies as required in order to proceed with this action under § 2254. Petitioner advances the following five claims in his petition for writ of habeas corpus: (1) that members of the jury panel were excused for cause in violation of *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); (2) that because of the *Witherspoon* violation, the jury panel was unconstitutionally "death-qualified"; (3) that the trial court in an unconstitutional fashion submitted to the jury instructions on two statutory aggravating circumstances found to warrant the death penalty; (4) that certain evidence introduced at trial inflamed and prejudiced the jury in violation of petitioner's due process rights; and (5) that the omission of a lesser-offense instruction on first degree murder deprived him of his Sixth and Fourteenth Amendment rights.

Although alleging that the third and fourth claims above were not properly raised in state proceedings, the State has waived any such exhaustion defect and consents to this Court's adjudication of all five issues raised. Under principles of comity, it is proper for this Court to accept a waiver of exhaustion. *Purnell v. Missouri Dept. of Corrections*, 753 F.2d 703, 710 (8th Cir.1985). However, for the reasons set forth below, the petition for writ of habeas corpus will be denied.

## FACTS

The appalling facts of this case are well reported in the Missouri Supreme Court's opinion, *State v. Mercer*, 618 S.W.2d at 3–4, and are abbreviated here. The evidence established that on the evening of August 30, 1978, defendant George "Tiny" Mercer was drinking with friends at a lounge in Grandview, Missouri. Mercer told his friends that he wanted to go to bed with the waitress, Karen Keeton, whom he did not know. One of the friends, however, was acquainted with her, and later that night he brought Ms. Keeton to the petitioner's home. Mercer forced her to have sex with him by threatening her with a sawed-off shotgun. The petitioner further compelled Ms. Keeton to perform oral sex on one of his friends, David Gee. There was evidence that the petitioner asked another friend present, Steven Gardner, what to do with the woman, whereupon Gardner instructed him to "kill the bitch." Mercer replied that he would do so and would "get rid of the body." Mercer then grabbed Ms. Keeton about the throat, hollering "Die, you leaky cunt bitch. Die." Finally, he struck her with his fists and strangled her to death. After this, the petitioner placed the body in a truck with the aid of John Campbell, and drove to a field where the body was dumped.

At that time, Mercer had a rape charge pending against him which was filed by a 17–year–old girl. When defendant returned from dumping Ms. Keeton's lifeless body in the field, he remarked to Campbell that he wouldn't have "been on any

charges" if he had killed "that leaky cunt 17–year–old like I did her."

Upon returning to defendant's home, the shotgun was given to Campbell to hide and Ms. Keeton's purse was burned. A few weeks later, Campbell and his attorney reported to the authorities and found Ms. Keeton's badly decomposed body, which was identified by her teeth.

## OPINION

### 1. *Violation of Witherspoon*

■ Petitioner Mercer charges that the trial court improperly excluded for cause five prospective jurors who expressed conscientious opposition to the death penalty. He contends that these venire persons were excused for merely voicing "general objections" to the death penalty. Consequently, petitioner claims that the exclusion of these venire persons violates the constitutional standards set forth in *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). Mercer further asserts that these potential jurors' responses were equivocal as to their ability to impose the death sentence in certain circumstances.

*Witherspoon*, upon which petitioner relies, held that

"A sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction."

*Id.* at 522, 88 S.Ct. at 1777. However, *Witherspoon's* holding has been limited by later United States Supreme Court cases. The current standard, as set forth in *Adams v. Texas*, 448 U.S. 38, 44, 100 S.Ct. 2521, 2526, 65 L.Ed.2d 581 (1980), is whether the juror's views

"would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath."

*Accord Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 850, 83 L.Ed.2d 841 (1985).

On direct appeal, the Missouri Supreme Court reviewed the *voir dire* questions and answers of the five excused venire persons and determined that each had made it "unmistakably clear" that they would not impose the death penalty under any circumstances. *State v. Mercer*, 618 S.W.2d at 7.

On petition for habeas corpus, the question of challenge of a prospective juror for bias is a factual issue. *Witt*, 105 S.Ct. at 855. A federal court reviewing the petition under 28 U.S.C. § 2254(d) is required to accord a presumption of correctness to state court's findings of fact. *Id.* at 853. *See also Sumner v. Mata*, 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1981). Thus, in determining whether this venire person would be able to "faithfully and impartially" apply the law, deference must be paid to the trial judge who was able to personally observe the juror. *Witt*, 105 S.Ct. at 853. *See Patton v. Yount*, 467 U.S. 1025, 104 S.Ct. 2885, 2892, 81 L.Ed.2d 847 (1984). The Missouri Supreme Court found that a certain venire person's response "I don't think so" was not equivocal; but, rather, was common vernacular to express a negative. *State v. Mercer*, 618 S.W.2d at 7. Thus, the Court finds no basis for overturning the state court's factual findings on the issue of exclusion of jurors for bias against the death penalty.

### 2. *Death Qualification of Jury*

■ Mercer alleged that the "death qualification" of the jury panel at his trial did not result in the selection of an impartial jury and, thus, violated the Sixth Amendment of the United States Constitution. This argument, however, was expressly rejected in *Lockhart v. McCree*, — U.S. —, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986), where the United States Supreme Court overruled the Eighth Circuit decision of *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir. 1985). *Lockhart* held that the removal of prospective jurors who possess a strong opposition to the death penalty does not violate the Sixth Amendment right to a jury selected from a fair cross-section of the community.

Therefore, Mercer's second point is not a basis for issuing a writ of habeas corpus.

### 3. Challenge to Aggravating Circumstances

Mercer also argues that Missouri's construction of Mo.Rev.Stat. § 565.012.2(7) and (6)[1] violated his constitutional right under the Fifth, Sixth, Eighth and Fourteenth Amendments to be protected from cruel, arbitrary and capricious sentencing procedures.

Section 565.012.2 sets forth ten enumerated aggravating circumstances, one of which must unanimously be found to be supported by evidence in order for the jury to impose the death penalty. Here, petitioner challenges the constitutionality of the application of the "depravity of mind" and "murder as an agent" provisions.

#### a. § 565.012.2(7): "Depravity of Mind"

Mo.Rev.Stat. § 565.012.2(7) directs the jury to consider as an aggravating circumstance in assessing punishment in a capital case whether

the offense was outrageously or wantonly vile, horrible or inhuman in that it involved torture, or depravity of mind.

The facial validity of this provision has been upheld by the Missouri Supreme Court. *E.g. State v. Newlon,* 627 S.W.2d at 606 (Mo.), *cert. denied* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982); *State v. Blair,* 638 S.W.2d 739 (Mo.), *cert. denied* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1982). Still, petitioner urges that the jury must expressly find either torture or aggravated battery to satisfy § 565.012.2(7) unless the instructions provide other guidance concerning the meaning of the terms "depravity of mind" or "wantonly vile or inhuman." Otherwise, Mercer contends that the provision is constitutionally flawed as overbroad, giving the jury "a roving commission to decide for itself what does or does not constitute an aggravating circumstance under the statute."

In support of his position, Mercer cites *Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980) and *Zant v. Stephens,* 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983). *Godfrey* held that the Georgia Supreme Court failed to apply a constitutional construction to the terms "outrageously or wantonly vile, and depravity of mind." However, as the Missouri Supreme Court noted, the facts of this case greatly differ from the *Godfrey* facts. *State v. Mercer,* 618 S.W.2d at 11.

*Godfrey* mandated that states establish "clear and objective" standards as to what constitutes "depravity of mind". Thus, the Missouri Supreme Court has identified the following factors to be considered: mental state of the defendant, infliction of physical or psychological torture upon the victim, brutality of the defendant's conduct; absence of substantive motive; absence of defendant's remorse, and the nature of the crime. *State v. Preston,* 673 S.W.2d 1, 11 (Mo.1984), *citing State v. Blair,* 638 S.W.2d 739, 759 (Mo.1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1030 (1983).

On habeas corpus review, a federal court is obliged to accept a state court's statutory interpretation "just as though it were written into the statute in so many words." *Welton v. Nix,* 719 F.2d 969, 970 (8th Cir. 1983). Further, the absence of legislative or court-imposed standards to govern the jury in weighing aggravating circumstances does not render the sentencing statute invalid if applied in a constitutional fashion. *Zant v. Stephens,* 462 U.S. 862, 880, 103 S.Ct. 2733, 2744, 77 L.Ed.2d 235 (1983).

■ Here, the Missouri courts determined that the evidence supported the jury's findings on this aggravated circumstance. The moral depravity exhibited by the petitioner is unmistakably clear, as manifested by the atrocities inflicted on his victim, which are set forth in the facts

---

**1.** Section 565.012 was repealed by Laws 1983, S.B. 276 § 1 and replaced by Mo.Rev.Stat. § 565.032 (Supp.1986). The effective date of S.B. 276 was extended to October 1, 1984, by S.B. 448, 1984 Mo.Leg.Serv. No. 3 at 169. The relevant subsections here remain essentially unchanged in the recodification. *See* § 565.032.2(6) and (7) (Supp.1986).

above. Section 565.012.2(7) is clearly written in the *disjunctive*. Hence, it is unnecessary for the jury *also* to find torture in order to conclude that the offense was "outrageously or wantonly vile, horrible or inhuman." *Id.*

#### b. *565.012.2(6): Murder as an Agent*

Mo.Rev.Stat. § 565.012.2(6) sets forth as an aggravating circumstance the situation where

> "[t]he offender caused or directed another to commit capital murder or committed capital murder as an agent or employee of another person."

The jury found that the petitioner "as an agent or employee of Stephen Gardner and at his direction, murdered Karen Keeton." *Mercer*, 618 S.W.2d at 10. Petitioner claims that there was no proof of agency and that the State's construction of agency was thus overbroad, permitting cruel, arbitrary and capricious sentencing procedures. The issue here was whether Gardner's directive to Mercer to "kill the bitch," and Mercer's agreement to do so, constituted an agency relationship as contemplated by the statute.

The Missouri Supreme Court affirmed the jury's finding of agency as supported by the evidence.

Again, the standard for a federal court's review under § 2254(d) of a state court's fact-finding is well-settled. The state courts are afforded a presumption of correctness. *Sumner v. Mata*, 455 U.S. at 597, 102 S.Ct. at 1306–1307. Although the federal court is not absolutely bound by the state court's finding, for example, if "not fairly supported by the record." *Id.;* 28 U.S.C. § 2254(d), the petitioner must establish by convincing evidence that the factual determination was clearly erroneous. *Rowe v. Lockhart*, 736 F.2d 457, 460 (8th Cir.1984).

■ Here, the Court affords the state courts that presumption of correctness.

Further, the petitioner has not presented convincing evidence to the contrary. Moreover, even if the Court were to determine that it is unclear from the record and the case law whether the requirements for agency as an aggravating circumstance under 565.012.2(6) were satisfied here, this still would not constitute grounds for issuance of the habeas corpus writ.

In cases where the jury has found more than one aggravating factor, it is necessary only that one of them be supported by the record to sustain a sentence of death. *Zant v. Stephens*, 462 U.S. 862, 881, 103 S.Ct. 2733, 2745, 77 L.Ed.2d 235 (1983); *see Knighton v. Maggio*, 740 F.2d 1344 (5th Cir.1984); *State v. Gilmore*, 697 S.W.d 172, 175 (Mo.1985); *State v. LaRette*, 648 S.W.2d 96, 102 (Mo.1983); *State v. Mercer*, 618 S.W.2d 1, 10 (Mo.1981). Thus, the Court rejects petitioner's claim that any lack of evidence that he acted as an agent mandates reversal of his death sentence.

#### 4. *Challenge to the Admission of Evidence*

Mercer challenges the admission of certain evidence at trial as being so prejudicial that it inflamed the jurors and denied him his right to a fair trial, in violation of the Sixth and Fourteenth Amendments. The petitioner claims that the court should not have allowed an accomplice to testify that Mercer told him "Now, if I'd killed that leaky cunt 17–year–old like I did her, ... I wouldn't've been on any rape charges and things I'm on right now." [2]

Although both parties stipulated to the admission of that statement, petitioner states that the stipulation was coerced by being forced to choose between the stipulation or the testimony of the 17–year–old woman who had brought the prior rape charges. That testimony, Mercer claims, was inadmissible because there was no conviction. The petitioner also charges that his trial was tainted when the State was permitted to cross-examine him concerning

---

**2.** Respondent has waived any objection that petitioner has not fully raised these claims in state

proceedings.

a mattress covered with the feces of the dying victim, Karen Keeton.

■ First, the Court notes that questions concerning the admissibility of evidence are matters of state law. Thus, a federal habeas corpus court may properly review these issues only when the alleged error is so prejudicial that it amounts to a denial of due process or infringes upon a specific constitutional protection. *Manning-El v. Wyrick*, 738 F.2d 321 (8th Cir.1984); *see Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 382, 78 L.Ed.2d 187, (1983).

The only relevant constitutional issue here is whether such prejudice resulted from the admission of the evidence that it violated the petitioner's right to a fair trial. In order for the habeas petitioner to establish a denial of due process, he must prove that "the asserted error was so 'gross,' 'conspicuously prejudicial,' or otherwise of such magnitude that it fatally infected the trial," thus failing to afford the petitioner "the fundamental fairness which is the essence of due process." *Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.1976) (citations omitted).

■ The Eighth Circuit has recognized that in making this determination, courts must review the totality of the facts in the pending case. *Id. See also Ellis v. Black*, 732 F.2d 650 (8th Cir.1984). The conviction should stand unless the claimed error results in a complete miscarriage of justice. *Jackson v. Hutto*, 508 F.2d 890 (8th Cir. 1975). Here, the issue is whether the probative value of the evidence outweighs the prejudice to the accused. However, the writ shall not issue where the evidence of guilt is so strong that, even without the disputed evidence, the state proved its case beyond a reasonable doubt. *Cramer v. Fahner*, 683 F.2d 1376, 1385 (7th Cir.1982). While it is true that any incriminating evidence is by definition prejudicial, relevance is the touchstone of due process. *State v. Shaw*, 636 S.W.2d 667, 672 (Mo.1982). The trial court is in the best position to balance the probative value against the danger of relevant evidence. *Id.* Upon review of the record, this Court concludes that in the totality of circumstances the evidence was not so inflammatory as to produce error of constitutional stature.

### 5. *Failure to Instruct on First Degree Murder*

Mercer contends that the state trial court erred in failing to instruct the jury on first-degree murder. The trial court instructed the jury on capital murder under MAI–CR2d 15.02 (Instruction No. 5), on conventional second-degree murder under MAI–CR2d 15.14 (Instruction No. 6), and on conventional manslaughter under MAI–CR2d 15.18 (Instruction No. 7). The trial court did tender an instruction on first-degree felony murder which was objected to by petitioner's counsel. Further, at the time of the instruction conference petitioner expressly waived any claim of error for the exclusion of such instruction. Now, however, Mercer attempts to obtain habeas corpus relief, claiming that the trial court had an absolute duty to submit the first-degree murder instruction despite the fact that the instruction was excluded at petitioner's insistence.

Under Missouri law, petitioner's waiver of the first-degree instruction is considered "self-invited" error. *See State v. Young*, 610 S.W.2d 8, 13 (Mo.Ct.App.1981). The prospect of federal habeas corpus relief may not be used as a hedge against the strategic risks a defense attorney takes in state court. *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1 (1984). When a trial tactic proves unsuccessful, petitioner may not pursue an alternative strategy in federal court. *Id.* The United States Supreme Court has gone on to declare that

> [t]he encouragement of such conduct by a federal court on habeas corpus review would not only offend generally accepted principles of comity, but would also undermine the accuracy and efficiency of the state judicial systems to the detriment of all concerned.

*Id.* at 2909.

■ In order to prevail on a petition for habeas corpus relief, a prisoner bringing a

constitutional claim in federal court after a state procedural default must demonstrate cause and actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783, (1982), *citing Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ The record positively demonstrates that both petitioner and his defense counsel waived whatever right he had to a first-degree murder instruction. The waiver was made not once, but twice. The Missouri Court of Appeals, on petitioner's post-conviction motion under Rule 27.26, determined that this waiver was both knowing and intelligent. *Mercer v. State*, 666 S.W.2d 942, 947 (Mo.Ct.App.1984), *citing Boykin v. Alabama*, 395 U.S. 238, 242–245, 89 S.Ct. 1709, 1711–13, 23 L.Ed.2d 274 (1969). This Court has no reason to believe otherwise. Moreover, petitioner has not demonstrated that he was actually prejudiced by the exclusion of the first-degree murder instruction. Therefore, the Court rejects petitioner's contention that his constitutional rights were violated when the jury was not instructed on first-degree murder.

The Court has scrutinized this collection of alleged errors and finds that they do not constitute a violation of petitioner's constitutional rights, individually or in combination. Accordingly, it is hereby

ORDERED that the petitioner's motion for habeas corpus relief under 28 U.S.C. § 2254 is denied.