George MERCER, Petitioner,

v.

William ARMONTROUT, Respondent.

No. 88-1019-CV-W-5.

United States District Court,
W.D. Missouri, W.D.

Oct. 18, 1988.

Douglas Laird, Polsinell, White, Varde-man & Shalton, Kansas City, Mo., for petitioner.

John M. Morris, III, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court is Petitioner George Mercer's motion for stay of execution, presently scheduled for October 20, 1988, at 12:01 a.m., for the purpose of adjudicating three alleged Constitutional vi-

olations raised in his second petition for Writ of Habeas Corpus. After review of the motion and memorandum in support of said motion and the Missouri Attorney General's response thereto, the Court grants Petitioner's motion for leave to file an amended petition; denies Petitioner's motion for production of photographs and other physical evidence as moot; denies Petitioner's motion for stay of execution; and summarily dismisses Petitioner's Petition for Writ of Habeas Corpus.

### Background

Petitioner George Mercer is currently confined in the Missouri State Penitentiary pursuant to a conviction for capital murder and sentence of death after trial in the Circuit Court of Greene County, Missouri, on September 15, 1979.

Following the conviction, an automatic appeal to the Missouri Supreme Court was taken. The conviction and sentence were affirmed. *State of Missouri v. Mercer*, 618 S.W.2d 1 (Mo.1981) (en banc). Petition for Writ of Certiorari to the United States Supreme Court was denied. *Mercer v. Missouri*, 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed. 2d 240 (1981). Following this denial, the Missouri Supreme Court issued a warrant for execution. This Court issued a stay of execution and retained jurisdiction pending disposition of Petitioner's state post-conviction proceedings pursuant to Missouri Supreme Court Rule 27.26. The post-conviction remedy was denied by the trial court and was affirmed on appeal. *Mercer v. State*, 666 S.W.2d 942 (Mo.Ct.App.1984).

Following exhaustion of his state court remedies, this Court considered and denied Petitioner's first request for habeas relief in *Mercer v. Armontrout*, 643 F.Supp. 1021 (W.D.Mo.1986). This denial was affirmed on appeal. *Mercer v. Armontrout*, 844 F.2d 582 (8th Cir.1988), *cert. denied* 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1988).

Petitioner filed the instant petition and motion for stay of execution on October 13, 1988, requesting a stay of his imminent execution for the purpose of resolving three alleged Constitutional violations in his second amended petition for habeas corpus. The abominable facts of this case are well-documented and need not be repeated again for purposes of this review.

### Analysis

Petitioner raises three challenges to his conviction and sentence. First, Petitioner asserts that his Sixth and Fourteenth Amendment rights to effective assistance of counsel have been undermined in numerous respects by counsel at trial. Second, Petitioner alleges the aggravating circumstances instruction presented to the jury at trial was unconstitutionally vague in violation of the Eighth Amendment. Finally, Petitioner claims he was denied access to exculpatory and mitigating evidence of the victim's involvement in the illegal use and sale of controlled substances by the prosecution in violation of his Constitutional rights, and said denial materially prejudiced the Petitioner in the presentation of his defense. Respondent has vehemently opposed this petition on numerous grounds.

The issue before the Court today is whether a stay of execution should be granted in order to review any or all of the claims presented in Petitioner's Second Amended Petition for Habeas Corpus. A second or successive petition for habeas may be the basis for a stay of execution only in the "presence of substantial grounds upon which relief might be granted." *Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S.Ct. 3383, 3395, 77 L.Ed.2d 1090 (1983). The Court has reviewed the allegations by Petitioner in light of the above standard, and finds no "substantial grounds" upon which relief might be granted.

### I. Prosecution Withheld Mitigating Evidence

Petitioner has alleged that prior to his trial for capital murder, the prosecution withheld evidence that the victim had engaged in the illegal use and sale of drugs. The Petitioner alleges this evidence was exculpatory and/or mitigating in nature and, accordingly, its unavailability materially prejudiced the Petitioner in the presentation of his defense.

The Respondent contends this claim is an abuse of the writ because it was not raised

in Petitioner's First Petition for a Writ of Habeas Corpus, and that it is procedurally barred because it was not raised in state post-conviction Rule 27.26 proceedings.

## A. *Abuse of the Writ*

Title 28 U.S.C. § 2244(b) addresses the finality of previous habeas proceedings:

> When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a state court has been denied by a court of the United States.... release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the court, and unless the court ..., is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ.

28 U.S.C. § 2244(b) (1971). *See also* 28 U.S.C. § 2254 Rule 9(b).

 The above passage has been interpreted so as to preclude new claims in a petition for habeas corpus when the petitioner is guilty of inexcusable neglect or the intentional withholding of claims. *Nell v. James*, 811 F.2d 100, 104 (2nd Cir.1987). However, summary dismissal of a petition under these circumstances is not automatic. "Once the government has raised the issue or it has been raised *sua sponte*, the burden shifts to the petitioner to show why he has not abused the writ." *Miller v. Solem*, 758 F.2d 144, 145 (8th Cir.1985) (citations omitted). The petitioner *must* be made aware that abuse of the writ is being contemplated as a ground for summary dismissal and he must be given a reasonable opportunity to prove he has not abused the writ. *Id.*

 The Court believes Petitioner has met his burden here. Petitioner claims evidence was withheld by the prosecution that would have benefitted him at trial. Fur-

ther, Petitioner alleges that the facts comprising this alleged Constitutional violation were not known to him at the time he filed his first petition. These allegations are not contested by Respondent. "The writ is not abused ... when a habeas petitioner is excused for lack of knowledge of the facts...." *Nell*, 811 F.2d at 105 (citing *Vaughan v. Estelle*, 671 F.2d 152, 153 (5th Cir.1982)). There is no abuse of the writ.

## B. *Procedural Default*

Respondent further contends this claim should be dismissed because it was not raised in state proceedings and is now procedurally barred there, thus precluding federal review. Respondent contends that the failure of Petitioner's Rule 27.26 counsel to raise this Constitutional violation created a procedural bar to federal habeas corpus review of this issue. The Court agrees. *See Benson v. State*, 611 S.W.2d 538, 541 (Mo.Ct.App.1980) (Missouri procedure requires constitutional claim to be presented "at each step of the judicial process"). *See also Stokes v. Armontrout*, 851 F.2d 1085, 1092 (8th Cir.1988); *Walker v. Lockhart*, 852 F.2d 379, 381 (8th Cir.1988); *Thomas v. Auger*, 738 F.2d 936, 938–39 (8th Cir.1984).

 Nor is Petitioner's contention that he still has available collateral state proceedings pursuant to Rule 27.26 persuasive. In light of the recent enactment of Missouri Supreme Court Rule 29.15, it appears Missouri has chosen to preclude those petitioners sentenced prior to January 1, 1988 who have completed a previous 27.26 motion from filing a new Missouri post-conviction remedy procedure. Granted, this conclusion is not expressly outlined in the statute. However, the Court finds Chief Judge Nangle's thoughtful resolution of this issue persuasive, and adopts it as its own. *See Byrd v. Armontrout*, 686 F.Supp. 743, 753 (E.D.Mo.1988). Accordingly, Mercer is procedurally barred from raising those issues in state collateral proceedings.

 To overcome this bar, Mercer must demonstrate both cause for his procedural default and actual prejudice. *See Amadeo v. Zant*, —— U.S. ——, 108 S.Ct.

1771, 1776, 100 L.Ed.2d 249 (1988); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). The Court believes Mercer's petition satisfies the "cause" prong of the above test for the same reason there is no "abuse of the writ" problem with this issue—he asserts he did not know of the alleged violation. Cause may be established for a procedural default where an objective impediment made compliance with a procedural rule impossible, as where the factual basis for a claim was not reasonably available to counsel. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986).

Nevertheless, the Court can discern no real prejudice to Mercer from the alleged violation. Mercer "must shoulder the burden of showing, not merely that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of Constitutional dimensions." *United States v. Fradey*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982).

Mercer alleges this evidence of the victim's drug use and sale would have been relevant to several issues at trial. First, Petitioner alleges that since no conclusive cause of death was established by the medical examiners at trial, the evidence of the victim's drug use would provide a reasonable alternative theory of the cause of death—drug overdose. Second, Petitioner alleges that the evidence of the victim's drug sales would establish a motive for John Campbell, the eye-witness to the killing, to kill the victim.

The jury was also faced with the problem that the medical examiner could find no true cause of death and accepted the state's theory that it was strangulation. Strangulation was supported not only by the eye-witness testimony of John Campbell, but also by the physical evidence at the scene of the crime. Furthermore, as to the motive of John Campbell, both Mercer and Campbell testified at trial. The jury had adequate opportunity to evaluate the credibility of both witnesses; the jury believed John Campbell. The Court finds nothing in the proferred evidence of Petitioner that would persuade the Court that

the jury's determination was clearly erroneous. The federal court's review under Section 2254(d) of the state court's fact-finding is well-settled. The state courts are afforded a presumption of correctness. *Sumner v. Mata*, 455 U.S. 591, 597, 102 S.Ct. 1303, 1306, 71 L.Ed.2d 480 (1982).

Even evaluating Petitioner's claim as one based on the existence of newly-discovered evidence, the Court would find no relief is mandated. The Eighth Circuit consistently has interpreted that such evidence is generally not a basis for federal habeas corpus relief unless new evidence would be such that it would "probably produce an acquittal on retrial." *Mastrian v. McManus*, 554 F.2d 813, 822–23 (8th Cir.1977), *cert. denied* 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099. The Court finds this evidence of such a character that it would not probably result in acquittal on retrial.

*Carrier* allows the Court to reach the merits of a procedurally defaulted claim without a showing of cause and prejudice only "in an extraordinary case, where a Constitutional violation has possibly resulted in the conviction of one who is actually innocent." *Carrier*, 106 S.Ct. at 2650. Further, in *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1985), the court "reject[ed] the suggestion that there is anything 'fundamentally unfair' about enforcing procedural default rules in cases devoid of any substantial claim that the alleged error undermined the accuracy of the guilt or sentencing determination." This issue does not present an "extraordinary case" where the application of the cause and prejudice standard results in a "fundamental miscarriage of justice". *Smith*, 106 S.Ct. at 2268. Likewise, *Barefoot, supra,* directs no stay be issued to permit further pursuit of this claim. Count III of Mercer's petition is summarily dismissed.

## II. Depravity of Mind Aggravating Circumstance Instruction

Mercer next contends the depravity of mind aggravating circumstance instruction presented to the jury was unconstitutionally vague in violation of the Eighth Amendment. Instruction No. 16 submitted to the

jury in the punishment phase of the trial stated, in pertinent part, as follows:

In determining the punishment to be assessed against the defendant for the murder for Karen Keeton, you must first unanimously determine that ...

2. [T]he murder of Karen Keeton involved depravity of mind and that as a result thereof it was outrageously or wantonly vile and inhuman.

The relevant statutory provision at the time of the case was Mo.Rev.Stat. § 565.012.2(7) (repealed). It provided as follows:

Statutory aggravating circumstances shall be limited to the following:

(7) The offense was outrageously or wantonly vile, horrible or in-human in that it involved torture, or depravity of mind....

██ This argument has already been advanced by Petitioner. *See Mercer v. Armontrout,* 643 F.Supp. 1021, 1024–25 (W.D.Mo.1986); *State v. Mercer,* 618 S.W. 2d 1, 10–11 (Mo.1981) (en banc). Accordingly, the Court agrees with Respondent that this petition is successive. The United States Supreme Court has noted that "the Advisory Committee note to Rule 9(b) ... states that federal court should entertain successive petitions only in 'rare instances'." *Kuhlmann v. Wilson,* 477 U.S. 436, 106 S.Ct. 2616, 2626, 91 L.Ed.2d 364 (1986) (plurality opinion). The Supreme Court concluded that "the ends of justice require federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence." *Id.* 106 S.Ct. at 2627. Because Mercer's claims arise from the sentencing phase rather than the guilt phase of his trial, the requirement that he make "a colorable showing of factual innocence" seems inappropriate here. The Eleventh Circuit, addressing this problem, has held "some adjustment is required to apply this test, phrased as it is in terms of 'innocence,' to allege constitutional errors in capital sentencing." *Moore v. Kemp,* 824 F.2d 847, 856 (11th Cir.1987), *cert. granted sub nom. Zant v. Moore,* —— U.S. ——, 108 S.Ct. 1467, 99 L.Ed.2d 697 (1988). The *Moore* court concluded that the appropriate consideration is whether "the alleged

constitutional error [either] precluded the development of true facts [or] resulted in the admission of false ones." *Id.* at 857 (*quoting Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986)).

In both this Court's opinion cited *supra* and the Missouri Supreme Court's discussion on the matter in *State v. Mercer,* 618 S.W.2d 1 (Mo.1981) (en banc), the constitutionality of Missouri's death penalty aggravating circumstance instruction has been fully and fairly addressed and upheld in light of *Godfrey v. Georgia,* 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), However, Petitioner urges this Court to reconsider its decision in light of the recent Supreme Court case of *Maynard v. Cartwright,* —— U.S. ——, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988).

In *Cartwright,* the Court held that the language "especially heinous, atrocious or cruel" did not give enough guidance to the sentencing authority to meet Constitutional mandate. However, *Cartwright* is not an extension of *Godfrey.* It simply re-affirmed *Godfrey's* mandate that aggravating circumstance instruction language— such as the language in the Missouri aggravating circumstance instruction—must be tempered by objective standards so as to "minimize the risk of wholly arbitrary or capricious action." *Id.* 108 S.Ct. at 1858 (citations omitted). *Godfrey,* not *Cartwright,* is the case most analogous to the Missouri aggravating circumstance instruction simply because Missouri's instruction is patterned after the Georgia statute at issue in *Godfrey. See State v. Mercer,* 618 S.W.2d 1, 10 n. 5. (Mo.1981) (en banc). The Supreme Court of Missouri has determined the validity of this instruction in light of *Godfrey,* as has this Court. *Cartwright* does not mandate a reevaluation.

Accordingly, this Court finds no admission of false facts or exclusion of true ones was made. Furthermore, no substantial grounds upon which relief might be granted exists. *Barefoot, supra,* directs that no stay be issued to further pursue this claim. Petitioner's claim as to the aggravating circumstances instruction is summarily dismissed.

### III. Ineffective Assistance of Counsel

Mercer alleges numerous incidents of ineffective assistance of counsel at trial: (1) trial counsel failed to render effective assistance of counsel by failing to investigate and develop evidence of mitigating circumstances; (2) trial counsel failed to render effective assistance of counsel by failing to present any evidence in the penalty phase of trial following the conviction for capital murder; (3) trial counsel failed to render effective assistance of counsel by recommending the waiver of the first degree murder instruction; (4) trial counsel failed to render effective assistance of counsel by recommending waiver of the felony murder instruction; (5) trial counsel failed to render effective assistance of counsel by failing to investigate the deceased's involvement in the illegal use and sale of controlled substances; (6) trial counsel failed to render effective assistance of counsel by failing to present any evidence of the deceased's involvement in the illegal use and sale of controlled substances in the defendant's case in chief or in the penalty phase of the trial; (7) trial counsel failed to render effective assistance of counsel by failing to investigate a defense based upon diminished capacity by way of alcohol consumption; (8) trial counsel failed to render effective assistance of counsel by failing to present evidence considering the defense of diminished capacity by way of alcohol consumption in the defense case in chief and/or the penalty phase; (9) trial counsel failed to render effective assistance of counsel by failing to request any meaningful mitigating facts to be included as part of the instructions and failing to present mitigating circumstances to the jury through testimony; (10) trial counsel failed to render effective assistance of counsel by failing to obtain and present at trial a forensic pathologist to testify with regard to the condition of the corpse to establish inconsistency between physical evidence and the prosecution's theory as well as the testimony of the purported eye-witness to petitioner's alleged crime.

Respondent contends this eleventh hour allegation of attorney error is an abuse of the Writ of Habeas Corpus and any claims for ineffective assistance of counsel are also procedurally barred. While the Court cannot agree that these claims constitute an abuse of the great writ, the Court does find all but one of Mercer's claims are procedurally barred and the remaining claim is successive in nature and is denied as such.

### A. *Abuse of the Writ*

It is conceded by both Petitioner and Respondent that no ineffective assistance of counsel claims were raised by Petitioner in his first petition for habeas relief. Section 2244(b) and the cases interpreting it require a showing that the Petitioner was not culpable in foregoing the claims now presented. *Nell v. James,* 811 F.2d 100, 104 (2nd Cir.1987).

Respondent attacks Petitioner's assertion of innocence by reference to his *pro se* motion to set aside or vacate this Court's denial of his first habeas petition. In that motion, Petitioner alleged "[p]etitioner's counsel has tricked petitioner by appearing to have abandon [sic] issues of ineffective assistance. It is importan [sic] to note that at petitioner's Mo.S.Ct. Rule 27.24 hearing, a different attorney felt there was a large number of points of merit [sic] dealing with ineffective assistance."

Respondent contends this motion demonstrates Petitioner's knowledge of the possible ineffective assistance claims available to the Petitioner and, accordingly, renders Petitioner guilty of inexcusable neglect in failing to raise his ineffective assistance claims in his first habeas petition. The Court agrees petitioner is chargeable with knowledge on this issue. However, this is not the end of the inquiry.

In *Booker v. Wainwright,* 764 F.2d 1371 (11th Cir.1985), the Fifth Circuit explained that where a habeas petitioner, with knowledge of the existence of an ineffectiveness claim, is represented by the same counsel at trial and during the habeas proceedings, an extension of the "inexcusable neglect" rule is necessary. It is undisputed in the case at bar that Mercer's counsel was the same in both proceedings.

The *Booker* court would excuse the failure to raise the issue in two situations:

first, if habeas counsel deliberately prepared a petition which failed to challenge his trial performance while actually believing he was deficient. Second, a petitioner could demonstrate that his attorney led him to believe that he had no alternative but to be represented by his trial counsel, thereby foregoing the issue to avoid a conflict of interest. *Id.* at 1378. The Court finds the Fifth Circuit analysis of this factual scenario persuasive. Accordingly, following the Eighth Circuit's mandate in *Miller v. Solem,* 758 F.2d 144 (8th Cir.1985), the Court would be compelled to explore the issue of abuse of the writ in more detail. However, the Court's belief that Petitioner has failed to preserve these issues at the state level precludes such an inquiry.

## B. *Procedural Default*

■ As was previously outlined, Missouri law requires Petitioner to preserve each Constitutional claim at each step of the judicial process. *Benson v. State,* 611 S.W.2d 538, 541 (Mo.Ct.App.1980). It is undisputed by either Petitioner or Respondent that all but one Constitutional claim—that being the claim that counsel was ineffective in refusing the first degree murder instruction—were not preserved either in the initial 27.26 hearing or on appeal. *See Mercer v. State,* 666 S.W.2d 942 (Mo.Ct. App.1984). As the Eastern District has held, (and this Court agrees) Missouri's new post-conviction appeal statute precludes Petitioner from filing subsequent post-conviction relief in Missouri. *Byrd v. Armontrout,* 686 F.Supp. 743, 753 (E.D. Mo.1988). Accordingly, Petitioner has defaulted on all ineffective assistance of counsel claims except that claim raising error in the failure to instruct on first degree murder.

Noting the above, we return to the cause and prejudice standard of *Wainwright v. Sykes,* 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977). The Court does not believe that Petitioner has established cause for his procedural default. Petitioner has not alleged that his 27.26 counsel was ineffective. Clearly, ineffective assistance of counsel would provide cause for procedural default. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.Ed.

2d 397 (1986). That leaves the Court with only one conclusion. The failure of 27.26 counsel to raise any of the aforementioned ineffective assistance of counsel claims was due either to intentional waiver or inadvertence of a level that would not be considered "ineffective." "Cause," as required by *Wainwright v. Sykes,* is not established by "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it." *Murray v. Carrier,* 106 S.Ct. at 2645. Rather, "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Id.* at 2646. No such showing has been made by Petitioner.

As Mercer has not established cause for his procedural default, the Court need not discuss prejudice under the second prong of *Sykes.* *See Leggins v. Lockhart,* 822 F.2d 764, 768 (8th Cir.1987), *cert. denied* —— U.S. ——, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988) (*citing Engle v. Isaac,* 456 U.S. 107, 134 n. 43, 102 S.Ct. 1558, 1575 n. 43, 71 L.Ed.2d 783 (1982)).

As previously stated, *Carrier* will allow this Court to reach the merits of a defaulted claim without a showing of cause or prejudice only "in an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier,* 106 S.Ct. at 2650. Further, there is nothing "fundamentally unfair about enforcing procedural default rules in cases devoid of any substantial claim that the alleged error undermined the accuracy of the guilt or sentencing determination." *Smith,* 106 S.Ct. at 2668.

None of Mercer's specific allegations of attorney misconduct rise to the level of an "extraordinary case." As to mitigation, an instruction was presented to the jury with the following factors:

 1. Whether Karen Keeton was a participant in the defendant's conduct or consented to the act.

2. Whether defendant acted under extreme duress or substantial domination of another person.

3. The age of the defendant at the time of the offense.

4. [T]he absence of any prior criminal convictions and pleas of guilty or please of nolo contendre of the defendant.

The allegations by Mercer that his attorney failed to produce mitigating evidence—assuming any further mitigating evidence exists—must be tempered against the incredibly heinous nature of this crime. The Court stands behind the cases that find no error in failing to offer extensive evidence of mitigating circumstances. *Strickland v. Washington,* 466 U.S. 668, at 700, 104 S.Ct. 2052, at 2071, 80 L.Ed.2d 674 (1984) (no prejudice where attorney failed to offer any mitigating evidence, although fourteen friends and relatives of capital murder defendant were willing to testify that he was "generally a good person," and unoffered medical reports described defendant as "chronically frustrated and depressed because of economic dilemma"); *Milton v. Procunier,* 744 F.2d 1091, 1098–99 (5th Cir. 1984), *cert. denied* 471 U.S. 1030, 105 S.Ct. 2050, 85 L.Ed.2d 323 (1985) (no prejudice where attorney failed to introduce mitigating evidence that petitioner attended church, was known to his friends and family as a non-violent person, and had used drugs).

■ The merit of the alleged errors as to the victim's drug use and sale are adequately addressed in Section I *supra.* Likewise, the Court can find no "fundamental miscarriage of justice" in the allegations that a more experienced medical expert would have altered the result at trial. The balance of allegations are successive allegations as to instructional error which have been previously disposed of by this and other courts.

No "substantial grounds" for habeas relief are present in Mercer's petition. No stay will be issued to further investigate the merits of these claims.

It is hereby

ORDERED that Petitioner's motion for leave to amend his petition is granted. It is further

ORDERED that Petitioner's motion for stay of execution is denied. It is further

ORDERED that Petitioner's petition for habeas corpus is dismissed. It is further

ORDERED that Petitioner's motion for production of photographs and other physical evidence is overruled as moot.